NAKAMURA MUNATARO *vs.* A. W. HAALILIO, District Justice.

MANDAMUS.   BEFORE JUDD, C.J.

MARCH, 1887.

Section 915, Civil Code, as amended, giving District Justices jurisdiction of civil cases under $200, does not conflict with Section 1423 giving a special jurisdiction over masters and servants.

The pendency of a suit by a contract servant for wages is no bar to an action by him to cancel the contract for a breach by the master.

DECISION OF JUDD, C.J.

The petitioner, by his attorney, Mr. Katsura, applied to me for a writ of mandamus, setting forth that on the 10th of February, 1887, the petitioner sued out from respondent, who was Deputy District Justice of the District of Hamakua, Hawaii, a summons against one W. H. Purvis, of Kukuihaele, Hamakua, Hawaii, the master of said petitioner, under a written labor contract, to cancel said contract on the ground of a breach thereof, praying for costs, etc.

Both parties were summoned by said respondent to appear before him on the 14th of February, 1887, and they duly appeared; but the said respondent refused and declined to hear the case, and forfeited the costs deposited by petitioner. The petitioner prayed this Court to issue a writ of mandamus to show cause why the said trial should not be held.

This Court issued a writ on the 5th of March, commanding the said respondent to hear the case without delay, or show cause why he should not within ten days after the service of the writ upon him.

On the 21st of March an answer came from respondent, admitting that he issued a summons on the 10th of February, 1887, against W. H. Purvis on petition of the said Nakamura Munataro, to cancel the labor contract between them, and the respondent sat on the 14th of February, as Deputy District Justice of Hamakua, to hear the case. The petitioner claimed that

he was a servant bound to serve W. H. Purvis, the defendant, under a labor contract, and alleged that the contract was broken by defendant, and the law of masters and servants violated, and asks the Court to annul the contract and to award damages and costs to plaintiff in accordance with Section 1423 of the Civil Code.

Counsel for the defendant, J. K. Kaunamano and Z. Paakiki, urged that the 1423d Section of the Civil Code was repealed by Act of the Legislature approved on the 13th of July, 1874; also, that this is a civil case, and the amount of damages is not laid in the complaint; also, that Nakamura Munataro had brought suit against his master, W. H. Purvis, before J. P. Miau, District Justice of Hamakua, to cancel the contract, on the ground that his master owed him, but the District Justice had not decided the case.

The answer further says that respondent decided not to hear the case because he was of opinion that as the Act of July 13, 1874, repealed "all laws and parts of laws inconsistent therewith," it repealed Section 1423 of the Civil Code, and the Court has now no jurisdiction to try cases for infringement of contracts between masters and servants. Also, that as the District Justice had entertained the case of the plaintiff against defendant, and decided against him in part, and held the case as regards the suit for $18 wages, the respondent decided the case in favor of the defendant, and ordered him to pay costs of $3.50.

The petitioner demurs to the answer, and avers that the Act of 1874, referred to in the answer, only regulates the general jurisdiction of District Justices with regard to civil cases founded on pecuniary demands, and has nothing to do with the relations between masters and servants, and over which the District Justices have, by law, jurisdiction conferred upon them. Also that a pending suit for wages between the same parties in the same Court is no bar to an action to cancel the contract.

## BY THE COURT.

It is to be regretted that the respondent has not appeared by counsel or in person, but relies upon his answer. I find from

the statement of petitioner's counsel that J. P.. Miau, the District
Justice, declined to allow the uniting of the two actions—one
for wages, and one to cancel the contract—and that is all that
was done by him; but that the Deputy Justice, A. W. Haalilio,
who acted in the absence of Miau, heard the points of defendant
Purvis' counsel, and merely declined to try the case. It is very
strange that any misapprehension should exist in the mind of
the Deputy District Justice in regard to his jurisdiction. By
Section 1423 of the Civil Code, jurisdiction is conferred upon
Police and District Justices, whenever a master shall be found
guilty of any cruelty, misusage or violation of the terms of the
contract towards any person bound to service, etc., to examine
into, hear and determine the complaint, etc.;. and, if the com-
plaint is sustained, to discharge the laborer from all obligations
of service, and he has power to punish the master by fine, etc.

Section 915 of the Civil Code gives jurisdiction to District
Justices to hear and determine all civil cases whenever the
amount in controversy, or the amount of plaintiff's demand,
does not exceed $100, etc. This was amended by the Act of
July 13, 1874, which merely increased the limit of jurisdiction
to $200. This law, which has proved a stumbling-block to the
respondent, does not conflict with the law conferring special
jurisdiction on District Justices to try the cases of complaints
against employers of labor on the part of their bound servants.
The two laws are upon different subjects. The two jurisdictions
exist concurrently.

I can hardly conceive how any lawyer could make such a
point, or any justice entertain such a view of so plain a law.
As regards the other point, that a civil suit for wages is still
pending between the same parties, this is no bar to the suit to
cancel the contract. Arrears of wages might be recovered even
after a labor contract was annulled.

I deem the cause shown to be insufficient, and a peremptory
mandate may issue to the said respondent to proceed to hear
and determine the complaint of the said petitioner, Nakamura
Munataro against the said W. H. Purvis, his master, giving

reasonable notice to both parties, and to pay the costs of these proceedings.

K. *Katsura*, for petitioner.

Honolulu, March 23, 1887.